UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN BENNETT,<br><br>    Plaintiff,<br><br>    v.<br><br>JAKUBOWSKI, et al.,<br><br>    Defendants. | No. 2:23–cv–1452–KJM–KJN PS<br><br>ORDER GRANTING IFP REQUEST AND GRANTING LEAVE TO AMEND<br><br>(ECF No. 2.) |

    Plaintiff, who proceeds without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, and so the request is granted.

    However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

**Background**

This case arises out of an incident in which plaintiff shoved Senator Pan and was criminally charged for it. (ECF No. 1 at 4.) Plaintiff was found incompetent to stand trial and was involuntarily civilly committed. (Id. at 5, 13.) Thereafter, plaintiff filed a complaint before this court stating 30 claims against a collection of defendants, including Marine Jakubowski (Forensic Clinical Psychologist), Dr. J & Associates, Sacramento County Superior Court, Sacramento County Defender's Office, Sacramento County Public Defender, Sacramento County District Attorney, Sacramento County, Sacramento County Jail, Sacramento County Sheriff, Hon. Peter Southworth, Amanda Founi (Public Defender), Melody Aguilar (Public Defender), Bob Woodard and Robert Woodard (Public Defender—possibly the same individual), Juan Contreras (Public Defender), Melissa McElheney (Public Defender), Amanda Massimini (Public Defender), Ann Marie Schubert (District Attorney), Sidney Jones (District Attorney), and Nick Karp (District Attorney). (Id. at 1.)

**Legal Standards**

Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Rule 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

Thus, the practice of "incorporat[ing] each preceding paragraph, regardless of relevancy [has] been harshly criticized as a form of 'shotgun pleading' that violates Rule 8's requirement of a 'short and plain statement' and interferes with the court's ability to administer justice." Destfino v. Kennedy, 2008 WL 4810770, at *3 (E.D. Cal. Nov. 3, 2008). A complaint must not contain lengthy introductions, argument, speeches, explanations, stories, griping, evidence, summaries, charts, notes, e-mails, and the like. See McHenry v. Renne, 84 F.3d 1172, 1176-78 (9th Cir. 1996).

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Analysis**

Here, the court finds plaintiff's complaint violates Rule 8's "short and plain statement" requirement, requiring dismissal. For comparison, in McHenry, plaintiff's thirty–seven page complaint alleged multiple variations of a civil rights claim against numerous defendants. 84 F.3d at 1174. The district court dismissed for plaintiff's failure to provide a short and plain statement, as required by Rule 8. Id. The district court reasoned that, because of how the complaint was drafted, it was impossible to "figure[] out which defendants were allegedly liable for which wrongs." Id. at 1175. The court allowed for plaintiff to amend, outlining some of the issues for plaintiff to consider upon amendment. Id. Plaintiff's final amended complaint was fifty–three pages long and contained 122 paragraphs of allegations. Id. The district court again dismissed, describing the complaint as mostly "narrative ramblings" and "storytelling or political griping." Id. at 1176. Importantly, the court found that plaintiff had failed to obey the court's instructions that a complaint must state "clearly how each and every defendant is alleged to have violated plaintiff's legal rights" by "linking their factual allegations to actual legal claims." Id. After some further legal analysis, the case was dismissed under Rule 41(b) and the case was closed. Id. at 1177.

The Ninth Circuit affirmed the district court's dismissal without leave to amend, agreeing that the final complaint was "argumentative, prolix, replete with redundancy, and largely irrelevant." Id. The court stated: "[d]espite all the pages, requiring a great deal of time for perusal, one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery." Id. at 1178. As to the harshness of disallowing further amendment, the Ninth Circuit agreed that this was the appropriate conclusion, given

plaintiff's persistent inability to identify "which wrongs were committed by which defendants" as well as his failure to obey the court's order regarding the appropriate level of detail. Id. at 1179.

Here, plaintiff's complaint is 75 pages long, and contains more than 700 paragraphs of allegations. (ECF No. 1.) When plaintiff does discuss a particular claim, he often "incorporates all of the preceding paragraphs"—of which there are hundreds—and often asserts these claims against multiple or all defendants. As with McHenry, the complaint is not a short and plain statement of plaintiff's claims and is subject to dismissal on that basis. 84 F.3d at 1174.

Given that plaintiff proceeds without the aid of counsel and that this is his first attempt at stating a claim in this case, leave to amend is appropriate. Lopez, 203 F.3d at 1130-31. Should plaintiff choose to amend, he shall consider the legal principles discussed below in deciding which claims to reassert and which to omit. These principles are included based on the scattered citations made in plaintiff's filings: (A) the first set are potential sources of law for plaintiff to consider when amending, should he choose to do so; (B) the second set are those claims that may not be reasserted, given the law in that area. Plaintiff shall also follow the "standards for amendment" listed below. Failure to follow these instructions may result in a recommendation that his case be dismissed with prejudice under Rule 41(b).

**A. Claims that may be amended.**

A subset of plaintiff's claims appear to concern his treatment by the jail guards and medical staff during his pretrial detainment or civil commitment. (See, e.g., ECF No. 1 at 33, 35, 54, 58-60, 62.) At various points, plaintiff cites 42 U.S.C. § 1983 and the Eight Amendment right, as well as state law. Despite these citations, it is unclear of the scope of the claims, in particular which defendant is alleged to have taken which action. Liability under 42 U.S.C. § 1983 must be based on the personal involvement of each defendant. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Additionally, liability may not be based on respondeat superior. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978). If plaintiff wishes to bring claims under Section 1983, the complaint needs to name the individual defendants based on their personal involvement and state—clearly and simply—what each defendant is alleged to have done. Further, if plaintiff intends to allege a failure to provide medical care post-

commitment, the complaint must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). In determining deliberate indifference, the courts scrutinize the particular facts and look for substantial indifference in the individual case; thus, the alleged facts must indicate more than mere negligence or isolated occurrences of neglect. Id. Prison officials are deliberately indifferent to a prisoner's serious medical needs when they "deny, delay or intentionally interfere with medical treatment." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Plaintiff is also reminded that if he amends the complaint, he must still plead that the named defendant(s) acted under color of state law. See Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986); May, 633 F.2d at 167; Monell, 436 U.S. at 694. Finally, if plaintiff intends to sue any entities for the alleged wrongs of guards, facts must be stated to indicate the entity maintains a policy or custom that led to deprivation of plaintiff's federally protected rights. See Edgerly v. City & Cnty. of San Francisco, 599 F.3d 946, 960 (9th Cir. 2010); Cortez v. Cnty. of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2002).

Regarding any state law tort claims, the Government Claims Act requires exhaustion of plaintiff's state law tort claims with the California Victim Compensation and Government Claims Board, and plaintiff is required to specifically allege compliance in his complaint. Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 208-09 (Cal. 2007); State v. Super. Ct. of Kings Cty. (Bodde), 32 Cal. 4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff has failed to allege compliance with the Government Claims Act; thus, based on the complaint, the court finds he cannot bring these claims at this time. If this provision was complied with, plaintiff should so state, then state—plainly and clearly—which defendants took which alleged actions.

///

///

### B. Claims that cannot be amended.

Plaintiff also cites the Fifth, Sixth, and Fourteenth Amendments and 42 U.S.C. § 1983, but at times names individuals who have immunity from suit under Section 1983.  For example, a state judge is absolutely immune from civil liability for damages for acts performed in their judicial capacity.  See Pierson v. Ray, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983); See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (noting that judicial immunity is an immunity from suit).  Likewise, a state prosecuting attorney enjoys absolute immunity from liability under 42 U.S.C. § 1983 for conduct in "pursuing a criminal prosecution" insofar as the prosecutor acts within his role as an "advocate for the State" and his or her actions are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976).  Lastly, public defenders do not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments.  Polk County v. Dodson, 454 U.S. 312, 318-19 (1981); accord Vermont v. Brillon, 556 U.S. 81, 93 (2009).  Plaintiff shall omit any such claim against these defendants in an amended complaint.

Further, certain constitutional claims should be omitted if they would call into question plaintiff's civil commitment.  In Heck, Supreme Court established that in cases where a § 1983 action alleges constitutional violations that would necessarily imply the invalidity of the conviction or sentence, the plaintiff must establish that the underlying sentence or conviction has been invalidated on appeal, by a habeas petition, or through some similar proceeding.  See Heck v. Humphrey, 512 U.S. 477, 483–87 (1994).  The Heck doctrine also applies to detainees that underwent involuntary civil commitment and were found incompetent to stand trial.  See Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1140 (9th Cir. 2005); see also, e.g., Turner v. Contra Costa Cty. Supreme Court, , 2022 U.S. Dist. LEXIS 203476, at *6 (N.D. Cal. Nov. 8, 2022) (court dismissed plaintiff's § 1983 claims that would invalidate a finding of his incompetence and involuntary civil commitment to DSH, until plaintiff can show that these findings were appropriately appealed).

Finally, while the Fourth and Eighth Amendments protect against excessive force and cruel and unusual punishment, this does not mean that a case can lie whenever prisoners are inconvenienced or suffer de minimis injuries. Hudson v. McMillian, 503 U.S. 1, 6-7, 9 (1992) (holding that while a detainee may believe that his rights have been violated, "not every push or shove . . . violates a prisoner's constitutional rights").

## **STANDARDS FOR AMENDMENT**

If plaintiff elects to file an amended complaint, this new pleading shall:

i.   be captioned "First Amended Complaint";
ii.  be limited to 20 pages, with text utilizing a font size of 12 Times New Roman or equivalent and double spacing (*pages exceeding the 20-page limit will be summarily stricken and will not be considered part of plaintiff's operative pleading*);
iii. use numbered paragraphs;
iv.  set forth his various claims in separate sections and clearly identify which defendants are allegedly at fault for each claim (e.g., Claim I against defendants X, Y, and Z, Claim II against defendants R and S, etc.);
v.   under each section, list the factual allegations supporting that particular claim, and in no case shall plaintiff "incorporate all preceding paragraphs" for any claims;
vi.  include a general background facts section to orient the reader only as necessary;
vii. include his statements for jurisdiction, venue, and relief sought as is necessary;
viii. omit exhibits, documents, photos, or other such "evidence" of his claims;
ix.  refrain from alleging redundant, immaterial, impertinent, or scandalous matters; and
x.   address any other pleading deficiencies outlined above.

This amended complaint shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the amended complaint is filed, the previous complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file an amended complaint. If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this time, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

///

///

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis is GRANTED;

2. Plaintiff is granted 28 days from the date of this order, plaintiff shall file either (a) an amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice; and

3. Failure to file either an amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated: October 5, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

SD/AZ, benn.1452